IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MINNIE MYLINA POTTER, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-01332-JKP |
| vs. | § § § | |
| SOUTH UNIVERSITY, C/O CORPORATION SERVICE COMPANY; | § § § § | |
| *Defendant.* | § | |

### **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Transfer Venue [#24]. By her motion, Plaintiff, who is proceeding *pro se* (without counsel), asks the Court to transfer venue to the Southern District of Georgia. Defendant has filed a response in opposition to the motion [#26], arguing that this case should remain in the current venue. For the reasons that follow, the Court will deny the motion.

### **I. Background**

Plaintiff Minnie Mylina Potter filed this lawsuit against South University on June 23, 2023, in the Superior Court of the State of Arizona, Maricopa County. Ms. Potter's case alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964. Ms. Potter worked for South University at its Phoenix, Arizona, call center as an admissions representative from 2011 to 2012 and then was rehired in 2021 to work remotely as an admissions representative while living in San Antonio, Texas. Ms. Potter alleges that during this second period of employment, she was subjected to bullying as a Black Hispanic woman and was ultimately terminated in November of 2022.

Shortly after the case was filed, South University removed the case to the United States District Court of the District of Arizona based on federal question jurisdiction. Thereafter, South University moved to dismiss for lack of personal jurisdiction and improper venue. The Arizona District Court found that Ms. Potter had not provided sufficient evidence to support the exercise of personal jurisdiction over South University in Arizona and that venue was therefore improper. The Arizona District Court transferred venue to the San Antonio Division of the Western District of Texas pursuant to 28 U.S.C. § 1631 on October 19, 2023, finding that Ms. Potter was employed in San Antonio, Texas, and was residing in San Antonio when the incidents giving rise to this action occurred. Additionally, the Arizona District Court found that South University maintains ongoing business operations in Texas. Ms. Potter now moves to transfer venue to the Southern District of Georgia, arguing that this case should be transferred to the federal court in Savannah because South University has its corporate office there.

## II. Analysis

The Court construes Ms. Potter's motion as a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A party seeking a transfer of venue under Section 1404(a) bears the burden of showing good cause for the transfer by demonstrating by the preponderance of the evidence that the requested venue is clearly more convenient for the parties and witnesses and serves the interests of justice. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Courts are required to assess four private interest factors and four public interest factors in evaluating a motion to transfer venue. *Def. Distributed v. Bruck*, 30 F.4th 414, 433–34 (5th Cir.

2022). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen*, 545 F.3d at 315. The public interest factors include (a) the administrative difficulties flowing from court congestion, (b) the local interest in having localized interests decided at home, (c) the familiarity of the forum with the law that will govern the case, and (d) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* The parties may establish relevant facts as to venue by affidavit, deposition or otherwise. *QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 664 (E.D. Tex. 2007). The decision whether to transfer venue under Section 1404(a) is within the sound discretion of the district court. *In re Volkswagen*, 545 F.3d at 315.

Ms. Potter has not carried her burden to clearly show that the Southern District of Georgia is a more convenient venue than the San Antonio Division of the Western District of Texas. Ms. Potter has not provided any evidence in support of her motion and asserts no other basis or argument in favor of transfer except for South University's alleged corporate officers being in Savannah. South University in contrast has provided the Court with the declaration of Claudette Thompson, South University's Director of Human Resources. Having considered Ms. Thompson's declaration and the assertions of Ms. Potter in her motion, the Court finds that the private and public interest factors weigh in favor of maintaining this suit in San Antonio.

Ms. Thompson's declaration establishes that at the time of her hiring and during most of her employment, Ms. Potter lived and worked remotely in San Antonio. (Thompson Decl. [#26-1], at ¶ 4.) Ms. Potter asserts in her motion that she moved to Beaumont, Texas, and then Gulfport, Mississippi, which is where she lived when she was terminated on November 9, 2022. However,

according to Ms. Thompson's declaration, Ms. Potter did not inform her employer about her relocation to Mississippi until August 10, 2022.  (*Id.* at ¶ 6.)  Ms. Potter currently resides in Phoenix, Arizona.  Ms. Potter does not claim to have ever lived in Georgia.

Ms. Thompson's declaration does not address the location of South University's corporate offices.  But assuming that South University is headquartered in Savannah, the Court still does not have any evidence as to why this fact would merit transfer.  Ms. Potter has not identified any witnesses or sources of proof that would make the Savannah venue clearly more convenient.  South University has, however, identified three potential witnesses in this case who have knowledge of Ms. Potter's employment and might provide testimony in this suit.  None of these witnesses resided in Georgia at the time of the incidents giving rise to this suit or currently live in Georgia.  Ms. Potter's manager, Director of Admissions Todd Linville, worked remotely from his residence in New Middletown, Ohio, at all times relevant to this suit. (*Id.* at ¶ 7.)  The other witnesses identified by South University worked remotely from and continue to reside in their residences in Richmond, Virginia; Pittsburgh, Pennsylvania; and Upper Marlboro, Maryland.  (*Id.* at ¶¶ 9–11.)

These facts establish that Ms. Potter and the relevant witnesses will likely be required to travel to provide testimony in this case.  The Court agrees with South University that the cost of travel to San Antonio for Ms. Potter and the witnesses will be lower than the costs associated with traveling to Savannah, a location with very few direct flights from any location.  Ms. Potter has not established that any of the private interest factors related to the ease of access to proof or the cost of securing witnesses weighs in favor of transfer.

Nor has Ms. Potter established that any of the public interest factors favor transfer to Savannah.  Again, Ms. Potter resided in San Antonio for most of her employment with South University.  And it appears that South University is headquartered in Savannah.  Both locations

4

therefore have an interest in the adjudication of this case. Both federal courts are familiar with Title VII and its standards. There is no evidence before the Court that there are any issues in San Antonio regarding court congestion or other facts suggesting resolution of this case would be significantly delayed by maintaining suit in this Court. Ms. Potter has not pointed to any public interest that would be served by transferring this case. Importantly, this case has already been pending since August 2023 and has already been pending in three different venues. Ms. Potter has not explained why she did not argue for transfer to Savannah rather than San Antonio when transfer of venue was briefed before the Arizona District Court. The Court will therefore exercise its discretion and deny the motion to transfer venue.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Transfer Venue [#24] is **DENIED**.

SIGNED this 14th day of February, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE